(85 South. 469)

GREEN, Superintendent of Banks, v. BIRMINGHAM TRUST & SAVINGS CO.
(5 Div. 737.)

(Supreme Court of Alabama. Jan. 22, 1920.)

1. Banks and banking ⟨key⟩80(10)—Suit against superintendent of banks held to amount to claim in liquidation cause.

In suit by a trust company to require the superintendent of banks to pay a portion of its claim against a defunct bank whose assets were in his hands, the court properly treated and allowed the petition of the trust company as evidencing effort to be admitted as a claimant in the cause in which the affairs of the bank were being administered.

2. Banks and banking ⟨key⟩80(10)—Suit on claim to assets of defunct bank need not be brought within six months.

Claim of trust company against assets of defunct bank in hands of superintendent of banks, attempted to be enforced by petition to require the superintendent to pay the trust company's claim, held not in the category of claims which under the statute must be sued upon within six months of the superintendent's rejection.

Appeal from Circuit Court, Chilton County; Leon McCord, Judge.

Petition by the Birmingham Trust & Savings Company to require D. F. Green, Super-

intendent of Banks, to pay a portion of its claim against a defunct bank. From decree overruling demurrers to the petition, the superintendent appeals. Affirmed.

Steiner, Crum & Weil, of Montgomery, and W. M. Adams, of Clanton, for appellant.

The suit was against the bank, and not the Superintendent of Banks, and was not such a presentation, or within the time required by Acts 1911, p. 62, § 10.

Lawrence F. Gerald, of Clanton, and Z. T. Rudulph, of Birmingham, for appellee.

The contentions of the appellant are fully answered by the following authorities: 130 Ala. 269, 30 South. 564; 185 Ala. 333, 64 South. 366.

SAYRE, J. Appellee's petition showed that appellant, under authority of the act approved March 2, 1911 (Acts 1911, p. 50 et seq.), took possession of the property and business of the Clanton Bank in April, 1916; that in June, following, appellee brought suit against the bank in the circuit court of Chilton to recover the sum of $5,000, money borrowed from appellee by the bank as evidenced by the bank's promissory note payable to appellee; that judgment followed in favor of appellee against the bank, but in January, 1917, the court set aside the judgment, transferred the cause to the equity docket of the court, and ordered that the plaintiff might, if it so elected, propound its claim in the cause wherein the court was administering the affairs of the defendant bank. The petition further showed that the superintendent had collected and disbursed assets of the bank in satisfaction of all preferred creditors, and had collected other funds equal to 40 per centum of all other claims against the bank, all which had been paid out except 40 per centum of petitioner's claim; said last-named amount having been reserved by the superintendent to await the result of this litigation. The prayer, to state it in short, was that a decree be entered directing the superintendent to pay over out of the trust fund in his hands $2,000, 40 per centum of its claim against the bank. Afterwards, March 28, 1919, appellee filed its petition in this cause, after which the court overruled a demurrer whereby appellant insisted that the petition should not be entertained for the reason that it did not appear to have been filed within the time and in the manner provided by law. The single question presented for decision is whether the court should consider the petition as filed too late.

The statute, section 10 of the act "to create a banking department," etc., supra, may, for the purpose of the case, be stated as follows:

It provided that the superintendent in charge of the property and business of any bank shall give notice, calling on all persons who may have claims against the bank to present the same to the superintendent and make legal proof thereof; that the superintendent shall mail a similar notice to all persons whose names appear as creditors on the books of the bank; that "if the superintendent doubts the justice and validity of any claims or deposits, he may reject the same and serve notice of such rejection upon the claimant or depositor, either by mail or personally and an affidavit of service of such notice, which shall be prima facie evidence thereof, shall be filed in the office of the superintendent. An action upon a claim so rejected must be brought by petition to the court having jurisdiction of the affairs of the bank by the claimant within six months after such service or the same shall be barred. Claims presented and allowed after the expiration of the time, fixed in the notice to creditors shall be entitled to share in the distribution only to the extent of the assets in the hands of the superintendent at the time such claims are filed, without allowance for previous distribution."

[1, 2] The superintendent is distributing, under the statute, a trust fund for the benefit of the creditors of the bank, and it is not denied that petitioner is a creditor. The court properly treated and allowed the petition as evidencing an effort on the part of petitioner to be admitted as a claimant in the cause in which the affairs of the bank were being administered. The statute provides a limitation, a definite time by the mere lapse of which creditors will be defeated in one class of cases only. In general, creditors are stimulated to diligence in the presentation of their claims, and their laches is punished, by the sufficient provision of the statute that claims presented and allowed after the expiration of the time fixed in the notice to creditors—which also the statute prescribes—shall be entitled to share only in the assets in the hands of the superintendent at the time their claims are filed "without allowance for previous distribution." By retaining 40 per centum of the petitioner's claim, the superintendent concedes, in effect, that petitioner is entitled to participate in the distribution pari passu with nonpreferred creditors, provided only its claim is not barred by the above-quoted provision for a limitation of six months against claims rejected by the superintendent. Petitioner's claim does not appear to have been rejected. On the contrary, the superintendent has retained enough of the fund in his hands to cover petitioner's claim, if allowed; that is, he has retained that amount, "awaiting the result of said suit and the order or decree of this (the circuit) court therein." And, the statute provides, the rejection of a claim, the justice and validity of which the superintendent doubts, must be made known, to state again the effect of the statute, by the superintendent serving notice of such rejection upon the claimant, either by mail or personally, and an affidavit shall be filed in the office of the superintendent.

True, it may be assumed that the superintendent was under no duty to reject, nor to give notice that he did reject, any claim not formally presented to him for allowance—this, notwithstanding he has acknowledged notice of the claim, and of the suit to enforce it, by retaining funds to cover petitioner's claim "awaiting the result of said suit and the order or decree of this court therein." Still, the fact remains that it does not appear that petitioner's claim should be considered as in the category of claims which must be sued within six months of the superintendent's rejection. Petitioner's claim is supported by the fundamental principle that equality is equity, and whether, apart from the statutory limitation, it should be rejected for laches in its presentation, is a question not presented, and whether the claim should be rejected by reason of the statute depends upon facts which may perchance be made to appear by way of affirmative defense.

The court correctly overruled the demurrer to the petition. The decree will be affirmed, and the cause will be allowed to stand upon the docket of the circuit court for such further proceedings as may seem meet and proper.

Affirmed.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.